UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN LANG,<br><br>                Plaintiff,<br><br>      v.<br><br>AUTOMATED ACCOUNTS, INC.,<br><br>                Defendant. | No.   2:CV-14-0178-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

## I.   <u>INTRODUCTION</u>

A motion hearing occurred in the above-captioned matter on November 18, 2014.   Plaintiff Justin Lang was represented by Kirk Miller and Defendant Automated Accounts, Inc. ("AAI") was represented by Timothy Durkop.   Before the Court were Defendant's Motion for Summary Judgment, ECF No. 13, and Plaintiff's Motion for Summary Judgment, ECF No. 25.   Having reviewed the pleadings and the file in this matter, and heard the arguments of counsel, the Court is fully informed and for the reasons that follow finds no violation of 15 U.S.C. § 1692e but finds a genuine dispute of material fact precludes summary judgment on whether a violation of § 1692c(a)(2) occurred.

## II.    <u>BACKGROUND</u>

**A.    Factual Background[1]**

Defendant AAI is a debt collector and was attempting to collect a consumer debt from Mr. Lang, a consumer.  ECF No. 16 at ¶1.  AAI was assigned a claim from R.C. Schwartz and Associates against Mr. Lang for money owed pursuant to a rental agreement for an apartment in Spokane.  *Id*. at ¶¶ 2 & 5.  On March 4, 2014, Defendant filed a lawsuit, which to date has not been resolved, against Plaintiff in the Spokane County District Court based on the R.C. Schwartz claim.  *Id*. at ¶¶ 4 & 6.  On April 29, 2014, a Note for Trial Setting in the state matter was prepared, signed, and filed with the Spokane County District Court.  *Id*. at ¶ 9.  The Note for Trial Setting, ECF No. 29-1, contains a "CERTIFICATION OF MAILING" section that is signed by Robin Wood, an employee of AII, stating that, on April 29, 2014, she mailed the Note to Plaintiff.  ECF No. 29-1.  On April 29, 2014, Robin Wood placed the Note for Trial Setting in AAI's mail system.  ECF No. 16 at ¶ 11.  The envelope containing the Note sent to Plaintiff indicates that it was mailed on May 2, 2014.  ECF No. 29-1.

Until April 30, 2014, Plaintiff represented himself in the state court matter.  On April 30, 2014, Mr. Miller filed with the Spokane County District Court a Notice of Appearance on Plaintiff's behalf.  Defendant admits it was served with a

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

copy of Plaintiff's attorney's Notice of Appearance at 1:43 PM on April 30, 2014. ECF No. 23 at 2 ¶ 4.7.    Defendant also admits that an employee or agent of Defendant hand-wrote an acknowledgement of receipt of the Notice, ECF No. 28-1 ("rec'd 4/30/14).  ECF No. 23 at 2 ¶ 4.8.  On May 1, 2014, Robin Wood learned of Mr. Miller's representation of Plaintiff.  ECF No. 15 at 2, ¶ 6.  At the time Defendant mailed a copy of the Note for Trial Setting to Plaintiff, Defendant had not requested or received permission from Plaintiff's counsel or any court to communicate with Plaintiff directly.  ECF No. 23 at 2 ¶ 4.16.

**B.    Procedural Background**

On June 11, 2014, Plaintiff filed a Complaint alleging two violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically sections 15 U.S.C. § 1692b(6) and § 1692e.  On September 22, 2014, Defendant moved for summary judgment.  ECF No. 13.  That same day, Plaintiff sought leave to amend his Complaint, ECF No. 17, to change the violation of § 1692b(6) to a violation of § 1692c(a)(2), which was granted September 24, 2014, ECF No. 21.  Plaintiff filed the Amended Complaint, ECF No. 22, on September 29, 2014, and that same day, Defendant filed an Answer to the Amended Complaint, ECF No. 23.  Also that same day, Plaintiff filed for summary judgment, ECF No. 25.

//

/

### III.    MOTIONS FOR SUMMARY JUDGMENT

**A.    Legal Standard**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). When considering the summary judgment motion, the Court 1) took as true all undisputed facts; 2) viewed all

evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**B.    Discussion**

The parties do not dispute that Plaintiff was a consumer and that Defendant was a debt collector attempting to collect on a debt.  As the parties have both moved for summary judgment, the sole issue before this Court is whether on the facts presented a violation of 15 U.S.C. § 1692e or 15 U.S.C. § 1692c(a)(2) can be determined as a matter of law.

1.    <u>Violation of § 1692e: False, Deceptive, or Misleading Representation</u>

Plaintiff maintains that Defendant violated 15 U.S.C. § 1692e by stating on the Note for Trial Setting that the Note was sent by Robin Wood in first class mail on April 29, 2014, but that the May 2, 2014 mailing date and Ms. Woods own declaration indicates the document was not placed in the mail by Ms. Woods nor mailed on April 29, 2014.

Section 1692e provides in pertinent part that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and that "[t]he use of any false representation or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a consumer" is "a violation of this section." 15 U.S.C. § 1692e(10). However, for violation of § 1692e, the Ninth Circuit has adopted the approached taken by the Sixth and Seventh Circuit, requiring that the representation must be material. "[F]alse but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under § 1692e." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). The Ninth Circuit has "consistently held that whether conduct violates § 1692e . . . requires an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication.'" *Id.* (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). "[T]he materiality requirement functions as a corollary inquiry into whether a statement is likely to mislead an unsophisticated consumer." *Id.* at 1034. "In assessing FDCPA liability, [Courts] are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response" concerning her debt. *Id.* (finding the representations in the Complaint at issue did not undermine Plaintiff's ability to intelligently choose her actions concerning her debt).

Here, even assuming the representations in the Note are false, in that the Note was not placed in first class mail by Ms. Wood on April 29, 2014, such a

false representation, if true, could not affect Plaintiff's ability to intelligently choose his response concerning his debt. The Note informed Plaintiff that the case regarding his alleged debt would be brought on the trial setting docket on May 23, 2014, and would be assigned a trial date in June or July 2014. ECF No. 29-1. Whether the note was mailed April 29, 2014, or May 2, 2014, and whether it was placed in first class mail by Ms. Wood or another employee of AAI, could not impact Plaintiff's decisions concerning his alleged debt. While Plaintiff maintains that the misrepresentation is material because it resulted in an alleged violation of § 1692c(a)(2), Plaintiff's argument misplaces the focus of the materiality requirement. The Ninth Circuit's inquiry is whether it was material to his decision concerning his debt, not whether he may have an articulable separate cause of action against the debt collector. *See Donohue*, 592 F.3d at 1032-34. Accordingly, the Court finds that, taking the facts in a light most favorable to Plaintiff, Plaintiff cannot demonstrate a violation of § 1692e based upon the Note.

   2.   Violation of § 1692c(a)(2): Communication with Represented Debtor

   Next, Plaintiff maintains that Defendant violation § 1692c(a)(2) by causing the Note to be sent directly to Plaintiff after Defendant's knew he was represented by counsel. Section 1692c(a)(2) provides:

   Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

ORDER - 7

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).   As the parties agree that Defendant is a debt collector, Plaintiff is a consumer, and Defendant did not have permission of a court or consent from the attorney, the two sole issues before this Court is whether the Note was a "communication in connection with the collection of any debt" and whether at the time the communication was sent to Plaintiff, Defendant knew Plaintiff was represented by an attorney.

### a.   *Communication in Connection with Collection of Debt*

The FDCPA defines a "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."   15 U.S.C. § 1692a(2).   The Fourth Circuit explains that the FDCPA defines "communication" "broadly[.]"  *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 232 (4th Cir. 2007).   A communication need not expressly request payment of an outstanding debt in order to qualify as a communication with a consumer in connection with the collection of a debt.  *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010).  For example, the Seventh Circuit recently held that a letter from a mortgage servicer to a homeowner in default seeking to discuss "foreclosure alternatives" and urging her that it was "not too late to save [her]

home" was a communication made in connection with the collection of a debt. *Id*. at 386. In *Donohue*, the Ninth Circuit found that because Quick Collect caused Donohue to be served with the Complaint to further its efforts to collect the debt through litigation, the Complaint was a communication under the FDCPA. *Donohue v. Quick Collectin*, *Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2010). Similarly, while acknowledging the Supreme Court's decision in *Heintz*[2] that the FDCPA applies to the litigation activities of lawyers, the Ninth Circuit in *McCollough* concurred with the Fourth Circuit that the FDCPA applies to written discovery documents including the requests for admissions at issue. *McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 951 (9th Cir. 2011). *See also Ruth v. Triumph Partnerships*, 577 F.3d 790, 798-99 (7th Cir. 2009) (finding any reasonable trier of fact would conclude that the Privacy Notice included with the collection letter was sent in connection with an attempt to collect a debt, noting that "defendants would not have sent this combination of materials to the plaintiffs if they had not been attempting to collect a debt").

Here, the Court finds that the Note for Trial Setting was a communication made in connection with the collection of a debt. First, the Note directly conveyed information regarding a debt. Specifically, the Note informed Plaintiff that Defendant sought to set its collection efforts for trial in June or July of 2014

[2] *Heintz v. Jenkins*, 514 U.S. 291 (1995).

ORDER - 9

and that a hearing was scheduled in relation to the lawsuit over the alleged debt. As in *Donohue*, where the complaint furthered the debt collector's efforts to collect the debt through litigation, here too, the Note for Trial Setting furthered Defendant's efforts to collect the debt through litigation by setting a hearing to set the matter for trial. Second, as the very issue that was to be set for trial was Plaintiff's alleged debt that Defendant sought to collect, the Court finds the communication was made in connection with the collection of a debt.

### b.  *Time of the Communication*

Based upon the foregoing, the sole issue remaining is whether, at the time Defendant communicated directly to Plaintiff, Defendant knew Plaintiff was represented by counsel. First, the record is clear that on April 30, 2014, Mr. Miller filed a Notice of Appearance, which Defendant admits they received at 1:43 PM on April 30, 2014, and hand-wrote their acknowledgment of receipt of the Notice. Additionally, Ms. Wood acknowledges she reviewed the Notice of Appearance sometime on May 1, 2014. However, the Court finds there is a genuine dispute of material fact as to when the Note for Trial Setting was sent to Plaintiff. Defendant maintains that the Note was mailed on April 29, 2014. In its Answer, Defendant states the date of mailing was April 29, 2014, ECF No. 23 at ¶ 4.10, and states on summary judgment that Ms. Wood placed the Note in AAI's mailing system on April 29, 2014, ECF No. 15. In contrast, Plaintiff maintains

that the Note was sent on May 2, 2014, the date contained on the envelope received by Plaintiff. ECF No. 29-1. Courts have recognized that the date something is placed in the mail can be distinct from the date it is postmarked. *See e.g. In re Albertson's Inc. Employment Practices Litig*., No. MS-98-1215-S-BLW, 2006 WL 2524117, at *2 (D. Idaho Aug. 30, 2006) ("claimant who places his Notice in a post office box just before midnight on a Friday has 'mailed' the Notice as of Friday even though the Notice will not be postmarked until the following Monday"). Additionally, it is unclear from the record whether the statement "Mailed From 99201 05/02/2014" was placed by a mail machine at AAI or by the post office. If AAI placed the forty-eight cent stamp on the envelope on May 2, 2014, a full day after Ms. Wood acknowledge she knew Plaintiff was represented, then clearly AAI violated 1692c(a)(2). However, because the Court on summary judgment cannot weight the credibility of evidence and therefore cannot give more credit to the representation that it was mailed[3] on April 29, 2014, than it can to the May 2, 2014 envelope marking, based upon the record before this Court, when the Note was sent is a matter for the jury to resolve.

//

/

---

[3] While the Court is not convinced that placing a mailing in their internal mailing system, over which AAI still maintains control, in any way relieves them of their obligation under the FDCPA to not directly communication with a represented consumer, because it is unclear when AAI actually relinquished control over the communication by placing it in the custody of the United States Postal Service, the determination of when the communication more likely than not was sent is a matter best reserved for the jury.

ORDER - 11

3.   <u>Bad Faith</u>

Defendant asks the Court to find that Plaintiff filed this matter in bad faith. Section 1692k provides that:

> (3) . . . On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k.  However, because the Court finds there is a genuine dispute of material fact precluding summary judgment, which means there is a basis on which Plaintiff may have a legitimate claim, the Court finds the lawsuit could not have been filed in bad faith or for the purpose of harassment.

## IV.   <u>CONCLUSION</u>

In conclusion, the Court finds no violation of § 1692e as any misrepresentation was immaterial.  While the Court finds that the Note was a communication, a genuine dispute of material fact regarding when the Note was sent to Plaintiff precludes a finding, at this time, whether § 1692c(a)(2) was violated as a matter of law.  Accordingly, left unresolved is the factual determination as to when Defendant effected communication of the Note to Plaintiff, and whether, regardless of when the Note was mailed, the alleged violation of § 1692c(a)(2) is within Defendant's affirmative defenses of bona fide error.

ORDER - 12

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART** (finding no violation of § 1692e) and **DENIED IN PART** (finding the Note was a communication; finding genuine dispute of material fact precludes summary judgment as to alleged violation of § 1692c(a)(2); finding no bad faith).

2.    Plaintiff's Motion for Summary Judgment, **ECF No. 25**, is **GRANTED IN PART** (finding the Note was a communication) and **DENIED IN PART** (finding no violation of § 1692e; finding genuine dispute of material fact precludes summary judgment as to alleged violation of § 1692c(a)(2)).

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 18th day of November 2014.

SALVADOR MENDOZA, JR.
United States District Judge